IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN W. SPRADLING and
LORRAINE P. SPRADLING, individually,
and JOHN W. SPRADLING as Personal
Representative of the Estate of
JONATHAN S. SPRADLING, Deceased,

    Plaintiffs,

v.                                                                CIV. No. 02-1507 WJ/LCS

TEACHER'S INSURANCE COMPANY,
HORACE MANN INSURANCE COMPANY,
HORACE MANN EDUCATORS
CORPORATION, Corporate and Individual
John Does 1-20, and NANCI TIPTON,

    Defendants.

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court pursuant to Plaintiffs' Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees [Docket No. 13]. Having reviewed the submissions of the parties and the applicable law, I find that this Court lacks subject matter jurisdiction over this case for the reasons herein stated.

**PROCEDURAL HISTORY**

Plaintiffs filed an action in the First Judicial District, County of Santa Fe, State of New Mexico, entitled <u>Spradling v. Teachers Insurance Company</u>, Civil Action No. D-0101-CV-200202305. Named as defendants in the action were three insurance companies with diverse

citizenship to the Plaintiffs, John Does, and a non-diverse insurance agent (Tipton).  The insurance company defendants (insurance companies) timely removed the action to federal court alleging the diversity jurisdiction of the court pursuant to 28 U.S.C. § 1441.  The insurance companies properly alleged the diversity of citizenship among Plaintiffs and the insurance companies.  Additionally, the insurance companies properly noted that the citizenship of the John Does is disregarded for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).  The insurance companies then alleged that the non-diverse insurance agent was fraudulently joined such that her citizenship does not defeat the diversity jurisdiction of the Court.

Plaintiffs filed a timely motion to remand.  In the motion to remand, the Plaintiffs assert that the insurance agent was not fraudulently joined.

**LEGAL STANDARD**

The statute providing for removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  Greenshields v. Warren PetroleumCorp., 248 F.2d 61 (10th Cir. 1957).  Thus, removal statutes are to be strictly construed and all doubts are to be resolved against removal.  Fajen v. Foundation Reserve Ins. Co. Inc., 683 F.2d 331, 333 (10th Cir. 1982) (2-1 decision).  The removing party is invoking the jurisdiction of the federal court and thus bears the burden of establishing that the requirements for the exercise of jurisdiction are present.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).  In a case in which there is a resident defendant, a party seeking to justify removal based on diversity jurisdiction must plead a claim of fraudulent joinder of the resident defendants with particularity and prove the claim with certainty.  Couch v. Astec Indus., Inc., 71 F.Supp.2d 1145, 1146-47 (D.N.M. 1999).  The burden of showing fraudulent joinder is a heavy one.  Hart v. Bayer Corp.,

199 F.3d 239, 246 (5th Cir. 2000); Bd. of County Com'rs of County of Mesa v. Atlantic Fidelity, Inc., 930 F.Supp. 499, 500 (D. Colo. 1996).  To prove an allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the joined party in state court.  Hart, 199 F.3d at 246.  This standard is more exacting than the standard for dismissing a claim under Fed. R. Civ. P. 12(b)(6).  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-53 (3d Cir. 1992).  A claim that may be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.  Id.  A viable claim is stated against a resident defendant so long as there is some factual fit between the plaintiffs' allegations and the pleaded theory of recovery.  Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).  Remand is required if any one of the claims against the non-diverse defendant is possibly viable.  See Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir. 1983).

**DISCUSSION**

The insurance companies assert that Plaintiffs' joinder of Tipton is fraudulent because Plaintiffs state no viable claims against Tipton.  The insurance companies base this assertion on a reading of the Complaint that is quite narrow.  They allege that only one or two of the six counts in the Complaint allege any claim against Tipton.[1]  They then argue that there is no possibility that the plaintiff would be able to establish liability or recover against Tipton on these counts.

In Count II, Plaintiffs allege that all defendants, including Tipton, made false and material representations which defendants had no reasonable grounds to believe were true, that Plaintiffs

---

[1] The Notice of Removal permits of an attempt on Plaintiffs' part to state claims against Tipton in Counts II and IV.  The Response to the motion to remand argues that Plaintiff's only attempt to state a claim against Tipton is found in Count IV.

3

relied on these misrepresentations, and that Plaintiffs were damaged as a result.  Plaintiffs here sufficiently state, at a minimum, the elements of a claim for negligent misrepresentation.  Under New Mexico law, an agent may be held individually liable for his or her own tortious acts whether or not he or she was acting for a disclosed principal.  Kreischer v. Armijo, 884 P.2d 827 (N.M. App. 1994).  Thus, in accordance with New Mexico law, Count II states a potentially viable claim against Tipton for negligent misrepresentation.  It is sufficient to grant the motion to remand if this Court finds just one potentially viable claim.  The insurance companies have failed to meet their burden of showing that Plaintiffs' joinder of Defendant Tipton was fraudulent.  Accordingly, this Court will remand this case to state court.

Finally, the Court has discretion to award fees and costs on a motion to remand and I exercise that discretion by denying Plaintiff's request for fees and costs.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Memorandum Motion to Remand to State Court for Lack of Federal Jurisdiction and for Award of Costs and Fees [Docket No. 13] is GRANTED IN PART in that this case is hereby REMANDED to the First Judicial District, County of Santa Fe, State of New Mexico, Civil Action No. D-0101-CV-200202305; but is DENIED IN PART in that no attorney's fees or costs shall be assessed against Defendants.

_____
UNITED STATES DISTRICT JUDGE